IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Georgette Ross, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Andrew Saul, Commissioner of Social )<br>Security,[1] )<br>)<br>Defendant. )<br>)<br>_____) | Civil Action No. 1:19-cv-1073-TMC<br><br>**ORDER** |

Plaintiff Georgette Ross ("Ross") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. (ECF No. 18). Ross filed objections to the Report, (ECF No. 20), and the Commissioner replied, (ECF No. 21). Accordingly, this matter is now ripe for review.

**I.     Background**

On January 20, 2016, Ross filed an application for DIB, alleging she became unable to work on February 19, 2015. (ECF No. 9-5 at 2). Her claim was denied initially on June 15, 2015, and upon reconsideration on June 2, 2016. (ECF No. 9-4 at 2–5, 9–16). Ross requested a review

---

[1] Andrew Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Fed. R. Civ. P. 25(d), Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

1

by an administrative law judge ("ALJ"), *id*. at 17–18, and a hearing was held before an ALJ on February 27, 2018, (ECF No. 9-2 at 31–65).

On May 31, 2018, the ALJ denied Ross's claim, finding her not disabled under the SSA. *Id*. at 12–25. The ALJ found that Ross suffered from coronary artery disease and obesity, which he found to be severe impairments. *Id*. at 17. The ALJ determined that Ross's other alleged impairments, including diabetes mellitus, hypertension, and shortness of breath, were not severe. *Id*. at 17–18. Likewise, the ALJ found that Ross's impairments to her mental functioning—affective disorder and anxiety disorder—were not severe and caused only minimal limitations on Ross's ability to perform basic mental work activities. *Id*. at 18. In making this determination, the ALJ considered the impact of these conditions on each of the four areas of mental functioning set forth in the regulations for evaluating mental disorders and in the Listing of Impairments (20 C.F.R., Part 404, Subpart P, Appendix 1). *Id*. at 18–19. Based on these findings, the ALJ concluded that Ross "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 19.

The ALJ then assessed Ross's residual functional capacity ("RFC") and concluded that, as of the date she was last insured, Ross could perform light work as defined by 20 C.F.R. § 404.1567(b), with the exceptions of never climbing ladders, ropes, or scaffolds, and only occasionally climbing ramps or stairs, crouching, kneeling, or crawling. *Id*. at 20–23. Due to these limitations, the ALJ found that Ross was unable to perform her past relevant work as a home attendant, which involved medium, semi-skilled work, but could perform other jobs in existence in the national economy in significant numbers. *Id*. at 23. Nonetheless, the ALJ concluded that, based on Ross's age, education, work experience, and RFC, "there were jobs that existed in

significant numbers in the national economy that [Ross] could have performed," such as sorter, assembler, or marker. *Id*. at 24. Thus, the ALJ ruled that Ross was not disabled within the meaning of the SSA between February 19, 2015, the alleged onset date, and December 31, 2015, the date on which Ross was last insured, and, therefore, denied her claim. *Id*. at 25.

On February 12, 2019, the Appeals Council declined Ross's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id*. at 2–5. Ross filed this action for judicial review on April 12, 2019. (ECF No. 1). On March 30, 2020, the magistrate judge issued the Report recommending the court affirm the Commissioner's decision. (ECF No. 18). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Ross filed objections to the Report, asserting the magistrate judge erred in finding (1) that the ALJ's assessment of Ross's non-severe mental impairments was supported by substantial evidence, and (2) that Ross failed to identify any evidence of functional limitations that contradict the ALJ's rating of her mental impairments. (ECF No. 20 at 1–2). In response, the Commissioner argues that Ross's objections merely restate arguments already raised to, considered, and rejected by the magistrate judge. (ECF No. 21). This matter is now ripe for review.

## II.     Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the

3

Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III.     Discussion

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter, *see Matthews v. Weber*, 423 U.S. 261, 270–71 (1976), the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)). On the other hand, the court need only review for clear error "those portions which are not objected to— including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Thus,

4

"[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Similarly, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made . . . as

these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)).  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

In her objections, as pointed out by the Commissioner, Ross simply rehashes the arguments presented in her opening brief—particularly, that the ALJ's assessment of Ross's mental impairments as non-severe was unsupported by substantial evidence, and that such mental impairments should have been considered in determining Ross's RFC.  *See* (ECF Nos. 13 at 3–5; 20 at 1; 21 at 1).  The court further notes that although Ross appears to argue for the first time in her objections that the ALJ's finding that her mental impairments were not severe was not harmless error, the magistrate judge fully considered and rejected this argument in her Report.  *See* (ECF No. 18 at 29–32).  As district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object."  *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections).  A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge."  *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).  Accordingly, the court need only review the Report and the magistrate judge's recommendations for clear error.  *Dunlap*, 288 F. Supp. 3d at 662.

The court agrees with the magistrate judge's lengthy and thorough analysis concluding the ALJ properly considered whether Ross's mental impairments were severe, and their impact on her RFC.  (ECF No. 18 at 27–37).  As the magistrate judge recognized, "[i]f the ALJ finds the claimant has a medically-determinable mental impairment, he 'must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings'" and "'then rate the degree of functional limitation resulting from the impairment(s)' in the areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself."  *Id*. at 28–29 (quoting 20 C.F.R. § 404.1520a(b)(1), (2)).  Further, even if the ALJ fails to classify a severe impairment as "severe," the error may be deemed harmless if the ALJ considers the impairment when assessing the claimant's RFC.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008); *Washington v. Astrue*, 698 F. Supp. 2d 562, 580 (D.S.C. 2010).

In this case, the magistrate judge found that the ALJ fully considered Ross's impairments of affective disorder and anxiety disorder and the limitations resulting therefrom on each of the four areas of mental functioning set forth in the regulations.  *Id*. at 30–31.  Specifically, the magistrate judge noted that the ALJ found no impairment to Ross's ability to understand, remember, or apply information; no impairment to her ability to interact with others; mild limitation in concentrating, persisting, or maintaining pace; and no limitation in adapting or managing herself.  *Id*. at 31.  The magistrate judge also noted that the ALJ summarized the pertinent medical evidence supporting each of these findings.  *Id*. at 30–31.

The magistrate judge then found that, having determined Ross's mental impairments were non-severe, the ALJ nonetheless considered them—specifically evidence created after her last insured date—when determining and explaining the RFC assessment.  *Id*. at 31–32.  As the

7

magistrate judge concluded, "[t]he ALJ followed the correct legal standards as evidenced by his application of the special technique in 20 C.F.R. § 404.1520a in evaluating [Ross's] mental impairments, citation of evidence to support the degree of limitation he assessed, and consideration of all the relevant evidence, including evidence created after her [last insured date], to support the RFC finding." *Id*. at 32. Thus, having reviewed the entire record, the magistrate judge concluded the ALJ's consideration and determination of Ross's mental impairments was supported by substantial evidence and "a reasonable mind could accept the ALJ's conclusion that her mental symptoms were not severe enough to affect her work-related abilities during [the relevant] period." *Id*. at 33; *see also id*. at 33–37; *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Accordingly, the court agrees with the Commissioner that Ross has not established any error with respect to the magistrate judge's or the ALJ's analysis of Ross's mental impairments and, therefore, overrules her objections, (ECF No. 20).

## IV.     Conclusion

Thus, after a careful and thorough review of the Report, the record, and the parties' filings, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report and finds the ALJ applied the proper legal standards and his determination is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 18) in its entirety, incorporates the Report herein by reference, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 4, 2020